DUPLICATE ORIGINAL

| | | |
|---|---|---|
| | UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br>CIVIL MINUTES - GENERAL | Priority<br>Send<br>Enter          X<br>Closed<br>JS-5/JS-6<br>JS-2/JS-3<br>Scan Only |
| Case No. | CV 03-866 CAS (PJWx)<br>[This Order Relates To: No. CV 04-4357 CAS (PJWx)] | Date   September 27, 2006 |
| Title | ENODIS CORPORATION v. EMPLOYERS INSURANCE OF WAUSAU; AND RELATED CASES | |

Present: The Honorable CHRISTINA A. SNYDER

| CATHERINE JEANG | | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:      Attorneys Present for Defendants:

**Proceedings:** DEFENDANTS CONTINENTAL CASUALTY COMPANY AND TRANSPORTATION INSURANCE COMPANY'S MOTION FOR PARTIAL SUMMARY JUDGMENT (filed May 26, 2006)

## I. INTRODUCTION

On June 17, 2004, plaintiff Enodis Corporation ("Enodis") filed suit against Continental Casualty Company ("Continental"). On December 13, 2004, before Continental filed a responsive pleading, Enodis filed a first amended complaint ("FAC"), seeking a declaratory judgment and alleging claims for breach of contract, bad faith, and unfair trade practices in violation of Cal. Bus. & Prof. Code § 17200 et seq. and common law. On April 20, 2005, pursuant to a stipulation filed by the parties, Enodis filed a second amended complaint ("SAC"), alleging the same claims, and adding Transportation Insurance Company ("Transportation") as an additional defendant.

On May 26, 2006, defendants Continental and Transportation (collectively, "CNA") filed the present motion for partial summary judgment ("Mot."). On the same day, CNA lodged its Separate Statement of Uncontroverted Facts and Conclusions of Law ("DSUF"). On June 8, 2006, Enodis filed an opposition to the motion ("Opp'n"), and lodged a Counterstatement of Genuine Issues in Opposition to CNA's Motion ("PSGI"). By its Counterstatement of Genuine Issues, Enodis does not appear to dispute the facts set forth by CNA in its Statement of Uncontroverted Facts. Instead, Enodis sets forth additional facts which Enodis appears to contend create genuine issues which render summary judgment inappropriate. CNA filed its reply on June 15, 2006 ("Reply").

On June 19, 2006, the Court held a hearing, granted the parties' request to file supplemental briefs, and took the matter under submission. On June 21, 2006, Enodis filed a Supplemental Memorandum in Opposition to CNA's Motion, and on June 22, 2006, Enodis filed an Amended Supplemental Memorandum in Opposition to CNA's Motion ("Suppl. Opp'n"). Also on June 22, 2006, CNA filed a Brief in Response to Plaintiff's Argument that Defendants are Estopped to Assert the Statute of Limitations ("Suppl. Mot. Estoppel 1"). Thereafter, on June 23, 2006, CNA filed a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 03-866 CAS (PJWx) [This Order Relates To: No. CV 04-4357 CAS (PJWx)] | Date | September 27, 2006 |
|---|---|---|---|
| Title | ENODIS CORPORATION v. EMPLOYERS INSURANCE OF WAUSAU; AND RELATED CASES | | |

Supplemental Brief in Reponse to Plaintiff's Oral Argument that Plaintiff is Entitled to Damages in Excess of Defendants' Policy Limits ("Suppl. Mot. Damages").

On August 21, 2006, the Court denied CNA's motion for partial summary judgment on grounds that: (1) Enodis' claims for breach of the implied covenant of good faith and fair dealing are barred by the statute of limitations, and (2) Enodis cannot establish damages resulting from CNA's demand for reimbursement. The Court also directed Enodis to file a supplemental brief, on or before August 31, 2006, limited to the question of whether Enodis can, as a matter of law, base a claim for breach of the implied covenant of good faith and fair dealing on CNA's request for reimbursement, in light of the California Supreme Court's decision in Jonathan Neil & Associates, Inc. v. Jones, 33 Cal. 4th 917 (2004). Enodis filed its supplemental brief on August 31, 2006. CNA filed a supplemental brief on this issue on September 8, 2006. The Court thereafter took the matter under submission. Having carefully considered the arguments raised by the parties in their respective briefs, the Court hereby finds and concludes as follows:

## II. BACKGROUND

Between 1986 and 1992, CNA provided commercial general liability insurance coverage to Enodis (formerly known as Welbilt Corporation), pursuant to several policies of insurance ("CNA policies"). DSUF ¶ 9. The CNA policies, via endorsement, listed numerous subsidiaries as additional insureds, including Consolidated Industries Corp. ("Consolidated), a former subsidiary of Enodis engaged in the business of design, manufacture, and sale of residential furnaces. Id.

In 1994, Consolidated was sued by a class of plaintiffs in Salah v. Consolidated Indus., Inc., Case No. CV 738376, for damages allegedly caused by defective furnaces designed and manufactured by Consolidated ("the *Salah* action"). Id. ¶ 4. Other litigation relating to the allegedly defective furnaces followed. Id. ¶ 11. In addition to Consolidated, the *Salah* action named as defendants various vendors, including American Standard, Inc., doing business as The Trane Co. ("Trane"). Id. ¶ 4. Defense of Consolidated in the *Salah* action was tendered to Employers Insurance Company of Wausau ("Wausau"). In March 1998, Wausau placed CNA on notice that coverage under CNA's policies had been, or might be, "triggered" by reason of the "continuing damage" theory being espoused by the *Salah* plaintiffs. Id. ¶ 5. CNA responded to Wausau's tender, and agreed to defend Consolidated in the *Salah* action subject to a reservation of rights. Id. ¶ 6. In June 1998, counsel for Trane tendered Trane's defense in the *Salah* action to CNA. Id. ¶ 7. CNA agreed to defend Trane pursuant to the additional insured "vendors-broad form" endorsement in the CNA policies, subject to a reservation of rights. Id. ¶ 8.

On or about January 5, 1998, the stock of Consolidated was sold to a third party. Id. ¶ 2. Subsequently, in May 1998, Consolidated filed for bankruptcy. Id. ¶ 3. However, the bankruptcy court lifted the automatic stay to allow the *Salah* plaintiffs to pursue their claims against Consolidated and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 03-866 CAS (PJWx) | Date | September 27, 2006 |
|---|---|---|---|
| | [This Order Relates To: No. CV 04-4357 CAS (PJWx)] | | |
| Title | ENODIS CORPORATION v. EMPLOYERS INSURANCE OF WAUSAU; AND RELATED CASES | | |

Trane. In July 2001, CNA and Wausau reached a partial settlement agreement in the *Salah* action and related litigation, on behalf of certain furnace distributors, including Trane, and the bankruptcy trustee (on behalf of Consolidated). Id. ¶ 12. On June 26, 2001, counsel for Enodis corresponded with CNA, advising that Enodis believed that CNA's "picking and choosing" among its insureds constituted "utter bad faith." Id. ¶ 14.

Meanwhile, between 1991 and 1999, disputes arose between Enodis and CNA regarding what amounts, if any, were due CNA under reimbursement provisions of the CNA policies. Id. ¶ 17. On July 19, 1999, Enodis and CNA entered into a Release Agreement wherein Enodis paid CNA $375,000 in consideration for a release from any further reimbursement due CNA under the policies, other than fees/costs related to the *Salah* action. Id. On or about June 1, 2000, CNA sent a statement of account to Enodis, claiming that $960,000 was owed CNA under the reimbursement provision of its insurance programs, and demanded a lesser amount in May 2003. Id. ¶ 18. Enodis disputed its obligation to reimburse CNA on the grounds that some of the fees/costs sought were related to improper payment by CNA of attorneys' fees incurred by Trane to, among other things, sue Enodis for fraud. Id. ¶ 19. To date, Enodis has not paid any of the monies requested by CNA as reimbursement under the policies. Id. ¶ 21.

### III. LEGAL STANDARD FOR SUMMARY JUDGMENT

Summary judgment is appropriate where "there is no genuine issue as to any material fact" and "the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party has the initial burden of identifying relevant portions of the record that demonstrate the absence of a fact or facts necessary for one or more essential elements of each cause of action upon which the moving party seeks judgment. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

If the moving party has sustained its burden, the nonmoving party must then identify specific facts, drawn from materials on file, that demonstrate that there is a dispute as to material facts on the elements that the moving party has contested. See Fed. R. Civ. P. 56(c). The nonmoving party must not simply rely on the pleadings and must do more than make "conclusory allegations [in] an affidavit." Lujan v. National Wildlife Fed'n, 497 U.S. 871, 888 (1990). See also Celotex Corp., 477 U.S. at 324. Summary judgment must be granted for the moving party if the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id. at 322. See also Abromson v. American Pacific Corp., 114 F.3d 898, 902 (9th Cir. 1997).

In light of the facts presented by the nonmoving party, along with any undisputed facts, the Court must decide whether the moving party is entitled to judgment as a matter of law. See T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 631 & n.3 (9th Cir. 1987). When deciding a motion for summary judgment, "the inferences to be drawn from the underlying facts . . . must be

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 03-866 CAS (PJWx) | Date | September 27, 2006 |
|---|---|---|---|
| | [This Order Relates To: No. CV 04-4357 CAS (PJWx)] | | |
| Title | ENODIS CORPORATION v. EMPLOYERS INSURANCE OF WAUSAU; AND RELATED CASES | | |

viewed in the light most favorable to the party opposing the motion." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citation omitted); Valley Nat'l Bank of Ariz. v. A.E. Rouse & Co., 121 F.3d 1332, 1335 (9th Cir. 1997). Summary judgment for the moving party is proper when a rational trier of fact would not be able to find for the nonmoving party on the claims at issue. See Matsushita, 475 U.S. at 587.

## IV. DISCUSSION

In its June 23, 2006 supplemental brief, CNA raised, for the first time, the question of whether Enodis can, as a matter of law, base a claim for breach of the implied covenant of good faith and fair dealing on CNA's request for reimbursement. Specifically, CNA contends that, pursuant to the California Supreme Court's decision in Jonathan Neil & Associates, Inc. v. Jones, 33 Cal. 4th 917 (2004), a bad faith action lies against an insurer only where its misconduct relates to benefits promised under the policy–i.e., its duty to defend, settle, or pay claims.

Enodis argues that Johnathan Neil is distinguishable from the current action. Unlike the plaintiff in Johnathan Neil, Enodis asserts that it does not seek compensatory damages for CNA's allegedly improper demand for reimbursement. Supplemental Brief August 31, 2006 ("Enodis Brief") at 2. Rather, Enodis argues that it "seeks compensatory damages for monies it was forced to spend as a result of CNA's breaches of duty to Enodis, by paying the legal fees of third parties to sue Enodis." Id. at 1. Enodis contends that CNA's demand for reimbursement of the legal fees paid on behalf of those who sued Enodis "is evidence of oppressive conduct and conscious disregard of duty that the jury should be permitted to consider in deciding whether punitive damages are appropriate." Id. at 4. Enodis argues that "CNA's wrongful payments of legal fees to third parties to sue its insured Enodis [denied] Enodis the benefits of the policy and the underlying security against losses and third-party liability." Id.

CNA responds that Enodis's arguments are irrelevant. CNA maintains that Johnathan Neil prohibits the award of tort damages for an insurer's alleged breach of the implied covenant of good faith and fair dealing when the insured was "not denied the benefits of the insurance policy, [was] not required to prosecute the insurer to vindicate their contractual rights, and had available various administrative, contractual and tort remedies." Supplemental Brief September 8, 2006 ("CNA Brief") at 4 (quoting Johnathan Neil, 33 Cal. 4th at 941). CNA argues that Enodis' claim is barred under this reasoning.[1]

---

[1] CNA also appears to argue that Enodis cannot maintain a cause of action for breach of contract, and indeed that "this court should find no actionable conduct on behalf of Continental and Transportation." CNA Brief at 4. The Court expressly limited the parties' briefs to the issue of whether Johnathan Neil bars Enodis' claim for breach of the implied covenant of good faith and fair dealing. The Court therefore does not address CNA's other arguments.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 03-866 CAS (PJWx) [This Order Relates To: No. CV 04-4357 CAS (PJWx)] | Date | September 27, 2006 |
|---|---|---|---|
| Title | ENODIS CORPORATION v. EMPLOYERS INSURANCE OF WAUSAU; AND RELATED CASES | | |

In Johnathan Neil, the California Supreme Court addressed the question of whether a plaintiff could recover tort damages for breach of the implied covenant of good faith and fair dealing where the insurer had, in bad faith, retroactively charged the plaintiff an excessive amount for the insurance premium. The court held that the plaintiff could not recover tort damages for the allegedly bad faith conduct because such damages "are unnecessary to protect the insured's interests." Id. at 941. The court reasoned that "the billing dispute does not, by itself, deny the insured the benefits of the insurance policy–the security against losses and third party liability." Id. at 939. The court noted that its holding "applies only to retroactive billing cases in which the billing is separate and distinct from any allegations of claims mishandling." Id. at 941 n.10.

The present case is similar to a case decided recently by the California Court of Appeal. In Progressive West Ins. Co. v. Yolo County Superior Court, 135 Cal. App. 4th 263 (2005), an insured filed a cross-complaint against an insurer for breach of the implied covenant of good faith and fair dealing based on the insurer's demand for reimbursement. The court relied on Johnathan Neil to dismiss the insured's cross-complaint, reasoning that "[b]y pleading that [the insurer] is seeking reimbursement under the policy, [the insured] acknowledges [the insurer] paid him what was due under that policy. No factual allegation in the cross-complaint suggests that [the insurer] unduly delayed in paying these benefits, or that it failed to properly investigate the claim in a manner that delayed the payment of those benefits to the detriment of its insured." Id. at 279.

Enodis argues that CNA's conduct denied Enodis the "benefits of the policy" when CNA paid Trane's legal expenses and then requested reimbursement. However, it appears that CNA did not deny Enodis the "benefits of the policy" within the meaning of Johnathan Neil because CNA's conduct does not relate to CNA's duty to defend, settle, or pay claims under the policy. Rather, CNA seeks reimbursement of benefits that it already paid to Enodis. Thus, Enodis's claim is analogous to that of the insured in Progressive West Ins. Co.

Enodis's argument that CNA's request for reimbursement is relevant to the issue of punitive damages is unavailing. Enodis has no tort claims against CNA for breach of the implied covenant of good faith and fair dealing that could support punitive damages. The Court concluded in its August 21, 2006, order that Enodis cannot seek tort damages, including punitive damages, insofar as Enodis' claim against CNA for its actions in settling the *Salah* action sounds in contract, rather than tort. Further, under the reasoning of Johnathan Neil, Enodis cannot maintain a tort claim for breach of the implied covenant of good faith and fair dealing based on CNA's request for reimbursement of the Trane counsel's legal fees.

Therefore, the Court concludes that Johnathan Neil bars plaintiff's claim for breach of the implied covenant of good faith and fair dealing based on CNA's request for reimbursement.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 03-866 CAS (PJWx) | Date | September 27, 2006 |
|---|---|---|---|
| | [This Order Relates To: No. CV 04-4357 CAS (PJWx)] | | |
| Title | ENODIS CORPORATION v. EMPLOYERS INSURANCE OF WAUSAU; AND RELATED CASES | | |

## V. CONCLUSION

Insofar as Enodis seeks to recover for breach of the implied covenant of good faith and fair dealing arising out of CNA's request for reimbursement of attorneys' fees paid to Trane's counsel, CNA's motion for partial summary judgment is GRANTED for the reasons set forth in this order.

As decided in the Court's August 21, 2006 order, with regard to Enodis's breach of contract claim, insofar as Enodis seeks to recover, as "consequential" damages, the damages and other costs Enodis incurred in defending itself in the action commenced by Consolidated against Enodis and others in the bankruptcy court ("the Indiana Avoidance Action"), Enodis cannot do so for the reasons set forth in its July 6, 2006 order re Wausau. See Court's July 6, 2006 Order Granting Wausau's Motion for Partial Summary Judgment. However, Enodis may maintain a claim against CNA for its alleged wrongful conduct in settling the *Salah* action insofar as Enodis seeks to recover other consequential damages which the parties should have realized were likely to result from a breach of the insurance contract. See Croskey, California Practice Guide: Insurance Litigation at ¶ 12:1139 ("[T]he damages recoverable in a contract action will be limited to the amounts due under the contract plus any 'consequential' contract damages."). As such, the Court DENIES CNA's motion for summary judgment on Enodis' breach of contract claim against CNA for its alleged conduct in settling the *Salah* action.

In light of the Court's resolution of CNA's motion for partial summary judgment, Enodis may maintain a claim for breach of contract based upon CNA's request for reimbursement to the extent that Enodis is able to prove damages resulting from CNA's alleged improper payment of legal fees to Trane's counsel to prosecute a claim by Trane against Enodis, as well as any other cognizable consequential damages that have been previously asserted, but have not been otherwise precluded by the Court.

IT IS SO ORDERED.

| | 00 : 00 |
|---|---|
| Initials of Preparer | |