HELLAR-ANN HANCOCK, SB# 117075
  E-Mail: hhancock@lbbslaw.com
**LEWIS BRISBOIS BISGAARD & SMITH** LLP
221 North Figueroa Street, Suite 1200
Los Angeles, California 90012
Telephone: 213.250.1800
Facsimile: 213.250.7900

Attorneys for Defendants,
CONTINENTAL CASUALTY
INSURANCE COMPANY and
TRANSPORTATION INSURANCE
COMPANY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ENODIS CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>CONTINENTAL CASUALTY INSURANCE COMPANY and TRANSPORTATION INSURANCE COMPANY,<br><br>Defendants. | CASE NO. CV-04-4357 CAS (PJWx)<br><br>**NOTICE OF MOTION AND MOTION TO REOPEN DISCOVERY**<br><br>DATE:      August 8, 2011<br>TIME:       10:00 A.M.<br>COURTROOM:  5 – 2ND Floor<br><br>TRIAL DATE:  None |

**TO THE HONORABLE COURT AND TO PLAINTIFF AND THEIR ATTORNEYS OF RECORD:**

NOTICE IS HEREBY GIVEN that on August 8, 2011 at 10:00 a.m. or as soon thereafter as the matter may be heard by the above-entitled Court in Courtroom 5 located at 312 North Spring Street, Los Angeles, CA 90012-4793, Defendants Continental Casualty Company ("Continental") and Transportation Insurance Company ("Transportation") (hereinafter "Defendants") will and hereby do move this Court to reopen discovery for limited purposes on the grounds that Enodis produced for the first time on June 8 and 15, 2011 new documents upon which Enodis represents it intends to

1  rely in its Motion for Summary Judgment. In light of this recent production, long after
2  the discovery cut-off and in violation of the Scheduling Order, Defendants respectfully
3  request that this Court reopen discovery for the limited purpose of taking two
4  depositions regarding the new documents and information produced.
5        This Motion is made following the conference of counsel pursuant to L.R. 7-3,
6  which took place on June 27, 2011.
7        This Motion is based upon this Notice of Motion, the Motion, the exhibits
8  filed in support of the Motion, all pleadings and papers on file in this action, and
9  upon such other matters as may be presented to the Court at the time of hearing.
10
11  DATED: July 7, 2011          HELLAR-ANN HANCOCK
                                     LEWIS BRISBOIS BISGAARD & SMITH LLP
12
13                                       By: _____
14                                         Hellar-Ann Hancock
                                     Attorneys for Defendants,
15                                       CONTINENTAL CASUALTY
                                     INSURANCE COMPANY and
16                                       TRANSPORTATION INSURANCE
                                     COMPANY
17
18
19
20
21
22
23
24
25
26
27
28

LEWIS BRISBOIS BISGAARD & SMITH LLP
ATTORNEYS AT LAW

4838-1067-1113.1
2
NOTICE OF MOTION AND MOTION TO REOPEN DISCOVERY

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendants submit the following Memorandum of Points and Authorities in support of their Motion to Reopen Discovery.

## I. FACTUAL BACKGROUND

On March 2, 2011, the Court of Appeal for the Ninth Circuit remanded select issues in this matter to the District Court for further consideration following a bench trial on February 26, 2008. On May 23, 2011, the parties appeared before this Court for a status conference at which time counsel for Enodis and counsel for Defendants represented to this Court that they believed this matter could be fully and finally resolved via a final round of Motions for Summary Judgment/Adjudication based on primarily stipulated facts. This Court agreed to counsels' request and set a briefing schedule with opening briefs to be filed on October 14, 2011.

Subsequent to that hearing, counsel for Enodis sent to defense counsel via e-mail an approximately three inch stack of documents Enodis was producing *for the first time* with the representation that Enodis intended to rely on these documents in its Motion for Summary Judgment/Adjudication. (See e-mail from Joseph Bainton dated June 7, 2011 attached to Declaration of Hancock, ¶ 2 as Exhibit A).

On June 15, 2011, Mr. Bainton sent an additional email to defense counsel producing additional documents and again advising that Enodis intended to rely on these documents in its Motion for Summary Judgment/Adjudication. (See June 15, 2011 e-mail attached to Declaration of Hancock, ¶ 3 as Exhibit B).

Thereafter, on June 20, 2011, counsel for Defendants e-mailed Mr. Bainton requesting that he stipulate to reopen discovery pursuant to Federal Rules of Civil Procedure, Rule 29 for the limited purpose of exploring the information in the documents he recently produced. In this June 20, 2011 e-mail, defense counsel requested that Enodis agree to two depositions of 1) Enodis' Person Most Qualified on the documents produced and 2) Daniel Freeland, the Consolidated Trustee who figured

///

LEWIS BRISBOIS BISGAARD & SMITH LLP
ATTORNEYS AT LAW

4838-1067-1113.1

1

NOTICE OF MOTION AND MOTION TO REOPEN DISCOVERY

prominently in the recently produced documents. (See June 20, 2011 e-mail attached to Declaration of Hancock, ¶ 4 as Exhibit C).

On June 27, 2011, Mr. Bainton responded to defense counsel's request refusing to stipulate to reopen discovery for limited purposes on the grounds that it was not necessary because he only intended to move for summary judgment/adjudication on the issue of whether Defendants breached their insurance contracts by failing to enter into a channeling injunction. (See June 27, 2011 e-mail from Bainton attached to Declaration of Hancock, ¶ 5 as Exhibit D). In response, defense counsel inquired why Enodis needed to rely on new documents to address that issue via motion since Enodis contends it had been fully explored during discovery. (See June 27, 2011 e-mail from defense counsel to Bainton attached to Declaration of Hancock, ¶ 7 as Exhibit E). Mr. Bainton did not respond to that particular inquiry but advised he would not agree to reopen discovery and invited Defendants to file this Motion. (See June 27, 2011 e-mail from Bainton to defense counsel attached to Declaration of Hancock, ¶ 8 as Exhibit F).

In light of the nature of the Motions to be filed by both parties and because Enodis did not produce these documents during the course of regular discovery, Defendants request that discovery be reopened for the limited purpose of exploring the issues raised for the first time by the documents recently produced.

## II. THE PARTIES HAVE MET AND CONFERRED AND FAILED TO REACH AGREEMENT

The parties have met and conferred and attempted to reach agreement absent court intervention. However, they have been unable to reach agreement and Defendants' now seek this Court's Order permitting discovery to be reopened for the limited purpose of exploring the facts and circumstances memorialized in documents produced by Enodis for the first time in June, 2011. (Declaration of Hancock.)

## III. MODIFICATION OF SCHEDULING ORDERS IS AUTHORIZED BY RULE 16(b) UPON A SHOWING OF "GOOD CAUSE"

Federal Rule of Civil Procedure, Rule 16 (b) provides in pertinent part:

> "....A schedule shall not be modified except upon a showing of good cause and by leave of the district judge or, when authorized by local rule, by a magistrate judge."

The "good cause" standard primarily focuses upon the diligence of the party requesting the modification to the Scheduling Order. Although the existence or degree of prejudice to the party opposing the modification could supply additional reasons to deny a motion to reopen discovery, the focus of the inquiry is upon the moving party's reasons for seeking modification. *Johnson v. Mammoth Recreations, Inc.* (9th Cir. 1992) 975 F.3d 604, 609 - 610.

The recent case of *Reliance Standard Life Insurance Company v. Harrison* 2011 U.S. Dist. LEXIS 12591 is instructive. In *Reliance, supra,* the Plaintiff sought to reopen discovery for the limited purpose of taking three depositions because of new developments which potentially affected Plaintiffs' liability and damages. Plaintiff filed its action against Defendant on February 24, 2009 alleging claims for unjust enrichment, conversion, constructive trust and money had and received arising from Plaintiff's prior payment of an annuity to Defendant's father in error. After the Plaintiff's payment to Defendant's father, the father became deceased. By virtue of the lawsuit, Plaintiff seeks to recover those funds from the Defendant who was the beneficiary of his father's estate.

In *Reliance, supra,* the Court issued a pretrial scheduling order on May 28, 2009 setting a discovery deadline of October 29, 2009 and a trial date of July 27, 2010. Prior to the discovery deadline, Plaintiff noticed Defendant's deposition but did not take it due to ongoing settlement negotiations between the parties. After the discovery deadline, Plaintiff learned that Defendant filed suit against decedent's estate to recover money which would allow Defendant to reimburse Plaintiff for the amount erroneously paid on the annuity. Because Defendants' suit potentially affected Defendants' ability to repay Plaintiff, the Court found Plaintiffs request to depose Defendant pertinent to the lawsuit. The Court also found Plaintiff had been diligent prior to the discovery cut-off and that Plaintiff's request to reopen was pursued in "good faith". In granting

Plaintiff's Motion, the Court specifically found that Plaintiff had been diligent because the information had not been previously available prior to the original discovery deadline. In addition, the Court found no prejudice to Defendant as a result of permitting his deposition.

Here, Enodis produced for the first time a Settlement Agreement dated February, 2009 (the "Settlement") between Enodis, the Trustee of Consolidated, Daniel Freeland, and Welbilt Holding Company wherein Enodis agreed to pay $69,500,000 in settlement to the Trustee as a result of findings of fraudulent transfers and avoidable transfers by the U.S. District Court for the Northern District of Indiana and the Bankruptcy Court which were affirmed by the U.S. Court of Appeal for the Seventh Circuit. As a result of the February, 2009 settlement, Enodis now seeks to hold Defendants liable for all or part of that settlement on the grounds that Enodis would not have incurred this expense if Defendants had entered into a channeling injunction. In light of Defendants receipt of this information for the first time on June 7, 2011, Defendants now seek to reopen discovery for the limited purpose of exploring the nature of the Settlement and Enodis' contentions regarding why Defendants are purportedly liable.

The factual circumstances of this case present the quintessential example of when it is appropriate for a court to reopen discovery. Enodis has just produced highly relevant documents *for the first time* memorializing a settlement for which now it seeks to hold Defendants fully or partly responsible. To deny Defendants the right to inquire into the circumstances leading to the settlement, the terms of the settlement, what if any portion of the settlement has been paid, why Enodis now seeks to hold Defendants liable for the Settlement and facts regarding what lead to the settlement would be patently unjust. Moreover, no trial date has been set in this matter. Therefore, Enodis will not be prejudiced by reopening discovery for these limited purposes.

Given that Enodis intends to rely on these recently-produced documents, it is difficult to imagine how Plaintiff could argue that reopening discovery would prejudice

///

it, particularly when the Settlement which is the subject of these documents occurred prior to the trial of this matter on February 26, 2009.

This is not a case in which a trial continuance will be required to permit further discovery, or in which Defendants seek to depose or re-depose a burdensome number of witnesses. Defendants simply request the opportunity to re-depose the two witnesses whom it knows to be most knowledgeable regarding the information that has only recently been made available.

Defendants filed this Motion as soon as possible after having received the documents which contain information of such substance and import as to make this Motion necessary. The circumstances of this case are directly opposite to those in *Compare West Coast Theater Corp. v. City of Portland*, 897 F.2d 1519, 1524 (9th Cir. 1990), in which the Ninth Circuit upheld the District Court's refusal to retroactively reopen discovery when Plaintiff had conducted no discovery whatsoever. In this case, a significant volume of new information has recently been made available for the first time and Defendants will be prejudiced if they cannot discover the facts underlying the $69,500,000 settlement for which Enodis seeks reimbursement.

## IV. GOOD CAUSE EXISTS FOR THE RE-DEPOSITION OF ENODIS' PERSON MOST QUALIFIED AND DANIEL FREELAND

For the reasons set forth above, Defendants submit that it has made the requisite showing of good cause for this Court to grant it leave to re-depose key fact witnesses regarding information contained within the recently-produced documents. Fact witnesses may be re-deposed when additional information, not reasonably available at the time of their initial depositions, comes to light regarding matters that are relevant and reasonably calculated to lead to the discovery of admissible evidence. *See, e.g., Dixon v. CertainTeed Corp.*, 164 F.R.D. 685 (D. Kan. 1996), in which a District Court allowed re-deposition of a previously deposed fact witness who was later discovered to have made a statement, immediately after the accident at issue in the litigation, to a reviewing team of safety engineers. In *Dixon, supra*, the failure to identify the witness'

prior statement was apparently due to oversight of defense counsel. Nonetheless, the Court in *Dixon* found sufficient diligence and good cause to reopen discovery. In the instant case, there is no oversight and an even more compelling argument for re-deposition of these two witnesses given that the critical documents were never previously produced.

## IV. CONCLUSION

Now that Defendants have been granted access to recently-produced documents which are clearly critical to the issues of liability and damages, Defendants respectfully request that the Court reopen discovery for the limited purpose of exploring the information contained in these documents.

DATED: July 7, 2011

HELLAR-ANN HANCOCK
LEWIS BRISBOIS BISGAARD & SMITH LLP

By: /s/ Hellar-Ann Hancock
Hellar-Ann Hancock
Attorneys for Defendants,
CONTINENTAL CASUALTY INSURANCE COMPANY and TRANSPORTATION INSURANCE COMPANY

# FEDERAL COURT PROOF OF SERVICE

Enodis Corporation v. Continental Casualty, et al. - File No. 50013-765

STATE OF CALIFORNIA, COUNTY OF Los Angeles

At the time of service, I was over 18 years of age and not a party to the action. My business address is 221 North Figueroa Street, Suite 1200, Los Angeles, California 90012. I am employed in the office of a member of the bar of this Court at whose direction the service was made.

On July 7, 2011, I served the following document(s): **NOTICE OF MOTION AND MOTION TO REOPEN DISCOVERY**

I served the documents on the following persons at the following addresses (including fax numbers and e-mail addresses, if applicable):

George Stephan, Esq.
Buchalter Nemer
1000 Wilshire Blvd Ste 1500
Los Angeles, CA 90017
Tel: (213) 891-5222/Fax: (213) 630-5618

J. Joseph Bainton, Esq.
Smith, Gambrell & Russell, LLP
250 Park Ave., Suite 1900
New York, NY 10177
Tel: (212) 907-9700/Fax: (212) 907-9802
*Attorneys for Plaintiff, ENODIS CORPORATION*

The documents were served by the following means:

☒ (BY U.S. MAIL) I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses listed above and I deposited the sealed envelope or package with the U.S. Postal Service, with the postage fully prepaid.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on July 7, 2011, at Los Angeles, California.

_____
Patricia A. Vasquez

4838-1067-1113.1

1

NOTICE OF MOTION AND MOTION TO REOPEN DISCOVERY

1 | Envelopes

2 | George Stephan, Esq.
  | Buchalter Nemer
3 | 1000 Wilshire Blvd Ste 1500
  | Los Angeles, CA 90017

4 |

5 | J. Joseph Bainton, Esq.
  | Smith, Gambrell & Russell, LLP
  | 250 Park Ave., Suite 1900
6 | New York, NY 10177

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4838-1067-1113.1

2

NOTICE OF MOTION AND MOTION TO REOPEN DISCOVERY