UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

○

**CIVIL MINUTES - GENERAL**

| Case No. | CV 04-4357 CAS (PJWx) | | Date | June 11, 2012 |
|---|---|---|---|---|
| Title | ENODIS CORPORATION v. CONTINENTAL CASUALTY COMPANY; ET AL. | | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| CATHERINE JEANG | LAURA ELIAS | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| George Stephan <br> John McCarthy | Heller-Ann Hancock |

**Proceedings:**     **PLAINTIFF'S MOTION FOR RECONSIDERATION** (filed 5/21/2012)

## I.     INTRODUCTION & BACKGROUND

This action arises out of a longstanding insurance coverage dispute between plaintiff Enodis Corporation ("Enodis") f/k/a Welbilt Corporation ("Welbilt") against defendants Continental Casualty Company and Transportation Insurance Company (collectively, "defendants"), stemming from several actions asserted against one of Edonis's operating subsidiaries, Consolidated Industries Corporation ("Consolidated"). The background and facts are known to the parties and set forth in the Court's April 16, 2012 order granting in part and denying in part defendants' motion for summary judgment.  See Dkt. No. 152.

Relevant to plaintiff's instant motion for reconsideration is the $69.5 million plaintiff paid to settle the bankruptcy proceedings with Consolidated's trustee, Daniel Freeland, in 2009.  Plaintiff seeks $9.5 million of the $69.5 million as indemnifiable payments made to settle any potential alter ego claims that the Stefanyshyn plaintiffs could have brought against it.  The Court rejected plaintiff's contention and granted summary adjudication in favor of defendants as to the $9.5 million on the ground that the Ninth Circuit's ruling barred any recovery of payments made arising out of the settlement in the Indiana Avoidance Action.  Dkt. No. 152 at 9.

Plaintiff filed its motion for reconsideration on May 7, 2012, seeking reconsideration of the sole issue of the $9.5 million payment allegedly made to settle the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                                    ○

**CIVIL MINUTES - GENERAL**

| Case No. | CV 04-4357 CAS (PJWx) | Date | June 11, 2012 |
|---|---|---|---|
| Title | ENODIS CORPORATION v. CONTINENTAL CASUALTY COMPANY; ET AL. | | |

Stefanyshyn plaintiffs' alter ego claims.  Defendants filed their opposition on May 21, 2012, and plaintiff filed its reply on May 29, 2012.  Plaintiff's motion is currently before the Court.

## II.     LEGAL STANDARD

### A.     Fed. R. Civ. P. 59(e)

"There are four grounds upon which a Rule 59(e) motion may be granted: 1) the motion is necessary to correct manifest errors of law or fact upon which the judgment is based; 2) the moving party presents newly discovered or previously unavailable evidence; 3) the motion is necessary to prevent manifest injustice; or 4) there is an intervening change in controlling law."  Turner v. Burlington Northern Santa Fe R. Co., 338 F.3d 1058, 1063 (9th Cir. 2003) (internal quotation marks, citations, and alterations omitted).  See also School Dist. No. 1J, Multnomah Cnty, Or. v. AcandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).  Relief under Rule 59(e) is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources."  Kona Enters., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000) (internal quotation marks and citation omitted).

### B.     Fed. R. Civ. P. 60(b)

Under Rule 60(b), the court may grant reconsideration of a final judgment and any order based on: "(1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) extraordinary circumstances which would justify relief."  School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).  Under Rule 60(b)(6), the so-called catch-all provision, the party seeking relief "must demonstrate both injury and circumstances beyond his control that prevented him from proceeding with the action in a proper fashion."  Latshaw v. Trainer Wortham & Co., Inc., 452 F.3d 1097, 1103 (9th Cir. 2006).  In addition, the Ninth Circuit recently confirmed that "[t]o receive relief under Rule 60(b)(6), a party must demonstrate extraordinary circumstances which prevented or rendered him unable to prosecute his case."  Lal v. California, 610 F.3d 518, 524 (9th Cir. 2010).  This Rule must be "used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 04-4357 CAS (PJWx) | Date | June 11, 2012 |
|---|---|---|---|
| Title | ENODIS CORPORATION v. CONTINENTAL CASUALTY COMPANY; ET AL. | | |

prevented a party from taking timely action to prevent or correct an erroneous judgment." Id. (quoting United States v. Washington, 394 F.3d 1152, 1157 (9th Cir. 2005)).  Any Rule 60(b) motion must be brought within a reasonable time and no later than one year after entry of judgment or the order being challenged.  See Fed. R. Civ. P. 60(c)(1).

###    C.    Local Rule 7-18

Local Rule 7-18 sets forth the bases upon which this Court may reconsider the decision on any motion:

> A motion for reconsideration of the decision on any motion may be made only on the grounds of: (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision.  No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion.

L.R. 7-18.

## III.    DISCUSSION

Enodis asserts that the Court erred in failing to consider that a portion of the $69.5 million Enodis paid in the Freeland Settlement was to settle the Stefanyshyn plaintiffs' potential alter ego claims that had been assigned to the trustee.  Mot. at 2.  According to Enodis, "[t]he issue underlying Enodis's claim for $9.5 million in damages is one of an evidentiary dispute, *i.e.*, how much of the $69.5 million paid in the Freeland Settlement covered the claims against Enodis that the Stefanyshyn plaintiffs assigned to the Trustee [Freeland]."  Id.  In other words, plaintiff argues that the $69.5 million was not paid to settle the claims solely arising out of the Indiana Avoidance Action.  Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                    ○

**CIVIL MINUTES - GENERAL**

| Case No. | CV 04-4357 CAS (PJWx) | Date | June 11, 2012 |
|---|---|---|---|
| Title | ENODIS CORPORATION v. CONTINENTAL CASUALTY COMPANY; ET AL. | | |

In opposition, defendants contend that "the settlement reached in the Indiana Avoidance Action included all potential alter ego claims" including those that might have been brought by the Stefanyshyn plaintiffs. Opp'n at 3 (citing Stipulation of Fact ¶ 28). Moreover, defendants assert that Enodis's contention that it paid $9.5 million to settle the potential Stefanyshyn alter ego claim is "nothing but speculation," because Enodis was not actually sued by the Stefanyshyn plaintiffs under an alter ego theory. Id. at 4–5. Finally, defendants argue that plaintiff failed to meet its burden in opposition to summary judgment and has simply reiterated its failed arguments here. Id. at 6.

The Court concludes that it erred in granting summary judgment in favor of defendants on plaintiff's claim of $9.5 million arising out of Enodis's payment in the Freeland Settlement. In its order, the Ninth Circuit concluded that "to the extent Enodis seeks damages arising out of the Indiana Avoidance Action, Enodis gives us no reason to disturb the district court's conclusion that these damages were not proximately caused by CNA's alleged wrongful settlement conduct." 9th Cir. Op. at 6. Defendants, in their moving papers, asserted that the $69.5 million Enodis paid to Freeland was to settle the Indiana Avoidance Action. The Court adopted this interpretation and reasoned that Enodis was not entitled to pursue any of the $69.5 million because it was foreclosed by the Ninth Circuit's opinion. See Dkt. No. 152 at 9.

The Court misapprehended the scope of the settlement between Enodis and Freeland. Paragraph 28 from the parties' Stipulation of Fact states:

> On February 6, 2009, Enodis, Welbilt Holdings Company and Freeland entered into a Settlement Agreement (hereinafter the Freeland Settlement). The Freeland Settlement resolved all claims in the Indiana Avoidance Action as well as all potential claims against Enodis, including alter ego claims.

Stipulation of Fact ¶ 28.

Thus, the $69.5 million was paid to settle all claims in the Indiana Avoidance Action, "*as well as* all potential claims against Enodis, including alter ego claims." Id. (emphasis added). In other words, the money spent to settle the Indiana Avoidance Action—which Enodis may not pursue per the Ninth Circuit's order—is less than the total $69.5 million amount paid in the Freeland Settlement.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                    ○

**CIVIL MINUTES - GENERAL**

| Case No. | CV 04-4357 CAS (PJWx) | Date | June 11, 2012 |
|---|---|---|---|
| Title | ENODIS CORPORATION v. CONTINENTAL CASUALTY COMPANY; ET AL. | | |

Because the Ninth Circuit's opinion does not *per se* foreclose Enodis from pursuing a portion of the $69.5 million, the question is whether Enodis has raised a triable issue of material fact as to its assertion that it was required to pay $9.5 million of the $69.5 million to settle potential alter ego claims brought by the Stefanyshyn plaintiffs due to defendants' alleged bad faith settlement conduct.  See Ninth Cir. Op. at 5 ("Enodis should be permitted to pursue consequential damages resulting from the method of settling the furnace-related product liability claims, as those claims pertain to attorneys' fees, costs, and liability arising out of . . . [the] Stefanyshyn action[.]").

The Court concludes that Enodis has met its burden.  It is undisputed that Freeland settled with the Stefanyshyn plaintiffs without obtaining a release for Enodis.  Pursuant to that settlement, the Stefanyshyn plaintiffs assigned any and all potential claims they had against Enodis to Freeland.  See Dkt. No. 149, Declaration of John J. Lee ("Lee Decl."), Exh. F at 98.  John R. Burns, III, who represented Enodis and negotiated the Freeland settlement on its behalf, testified that the parties agreed to settle any potential alter ego claims for approximately $9.5 million.  See Dkt. No. 147, Declaration of Hellar-Ann Hancock ("Hancock Decl."), Exh A at 3-7, Exh. L at 45:11–16. ("Q. Can you give me a dollar amount for what Enodis viewed it paid for the Stefanyshyn alter ego claims, potential claims?  A. I think it would view that it paid all of it for them, the 9.5 [million dollars].").[1]  Moreover, Burns testified that it is his belief that the trustee Freeland communicated to him that $60 million was the amount necessary to settle the claims arising directly out of the Indiana Avoidance Action.  Id. at 44:4–13.  Although defendants dispute what portion of the $69.5 million is fairly attributable to the Stefanyshyn plaintiffs' potential alter ego claims, as opposed to other plaintiffs' potential alter ego claims, that issue is for the jury to decide.  See TK Power, Inc. v. Textron, Inc., 2006 WL 733494, at *8 (N.D. Cal., Mar. 22, 2006) ("The amount of damages is a question of fact that should be reserved for trial.").[2]

---

[1]Because the Court previously concluded that all potential alter ego claims were included in the Indiana Avoidance Action settlement, as opposed to the broader Freeland Settlement, it did not analyze Enodis's proffered evidence such as Burns's testimony.

[2]At oral argument, counsel for defendants argued that plaintiff may not pursue the $9.5 million because either (1) that payment was voluntary, or (2) Enodis was never

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                    O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 04-4357 CAS (PJWx) | Date | June 11, 2012 |
|---|---|---|---|
| Title | ENODIS CORPORATION v. CONTINENTAL CASUALTY COMPANY; ET AL. | | |

Because the Court misapprehended the scope of the Freeland Settlement by erroneously concluding it encompassed claims asserted only Indiana Avoidance Action and no other claims, reconsideration of its prior order is appropriate. See Local Rule 7-18(c). Accordingly, with regard to plaintiff's claimed $9.5 million, defendants' motion for summary judgment is DENIED. All other rulings as set forth in the Court's prior order, Dkt. No. 152, shall remain in effect.

**IV.    CONCLUSION**

In accordance with the foregoing, plaintiff's motion for reconsideration is GRANTED.

IT IS SO ORDERED.

| | 00 | : | 06 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |

---

named as a defendant in the Stefanyshyn action. In 2007, the Court ruled that Enodis was precluded from pursuing any fees or costs in connection with the Stefanyshyn lawsuit based on the plain language of the insurance coverage contracts and because Enodis was not named as a defendant in that action. See Case No. CV 03-866 CAS (PJWx), Dkt. No. 544, at 7–15 (order dated June 18, 2007). The Ninth Circuit, however, reversed the Court's finding and instructed that plaintiff shall be "permitted to pursue consequential damages resulting from the method of settling the furnace-related product liability claims, as those claims pertain to attorneys' fees, costs, and liability arising out of" the Stefanyshyn action, in light of defendants' "refusal . . . to contribute to a channeling injunction fund [in 2001] so that all furnace claims could be fully and finally resolved as against all of its insureds[.]" Ninth Cir. Op. at 5. Accordingly, per the Ninth Circuit's order, plaintiff shall be permitted to pursue a portion of the Freeland Settlement that pertains to the Stefanyshyn plaintiffs' potential alter ego claims.