UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

## CIVIL MINUTES - GENERAL

| Case No. | CV 04-4357-CAS(PJWx) | Date | November 2, 2012 |
|---|---|---|---|
| Title | ENODIS CORPORATION V. CONTINENTAL CASUALTY INSURANCE COMPANY, ET AL | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| CATHERINE JEANG | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants |
|---|---|
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS): DEFENDANT'S MOTION IN LIMINE #1 TO PRECLUDE PLAINTIFF FROM INTRODUCING EVIDENCE AT TRIAL RELATED TO ITS CLAIM FOR PUNITIVE DAMAGES

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing date of November 5, 2012 is vacated, and the matter is hereby taken under submission.

## I.     INTRODUCTION

This action arises out of a longstanding insurance coverage dispute between plaintiff Enodis Corporation ("Enodis"), formerly known as Welbilt Corporation, against defendants Continental Casualty Company and Transportation Insurance Company (collectively, "CNA"). The second amended complaint ("SAC") asserts three claims for relief: (1) breach of contract; (2) bad faith, and (3) unfair trade practices in violation of California Business & Professions Code §§ 17200 et seq. Further background facts are known to the parties and set out in detail in the Court's order dated April 16, 2012. Dkt. # 152. A jury trial is set to begin on March 19, 2013.

On October 8, 2012, defendants filed a motion in limine to preclude plaintiff from introducing evidence related to punitive damages arising from its bad faith claim. Plaintiff filed an opposition on October 18, 2012. Defendants' motion is before the Court.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 04-4357-CAS(PJWx) | Date | November 2, 2012 |
|---|---|---|---|
| Title | ENODIS CORPORATION V. CONTINENTAL CASUALTY INSURANCE COMPANY, ET AL | | |

## II. DISCUSSION

Defendants' motion concerns evidence plaintiff seeks to introduce to establish punitive damages arising out of its bad faith claim. In short, plaintiff's bad faith claim asserts that defendants improperly paid attorneys' fees on behalf of The Trane Co. ("Trane"), a non-party, for litigation that Trane initiated against plaintiff, and then improperly asked plaintiff to reimburse defendant for these attorneys' fee payments.

Defendants argue that plaintiff may not refer to or introduce evidence in support of an award of punitive damages arising out of its bad faith claim because plaintiff cannot recover compensatory damages on its bad faith claim, and California law only allows recovery of punitive damages if compensatory damages are also awarded. According to defendant, plaintiff cannot recover compensatory damages on its bad faith claim under the Ninth Circuit's previous ruling in this case, which affirmed this Court's finding that "Enodis was not entitled to damages in the Trane action because its payment to settle that case was voluntary." Continental Cas. Co. v. Enodis Corp., 417 Fed. Appx. 668, 671 (9th Cir. 2011).

In response, plaintiff argues that defendants' motion is, in substance, a motion for reconsideration, not a motion in limine. Plaintiff points out that defendants' motion in effect seeks a dispositive ruling on plaintiff's bad faith claim, and therefore would more properly be labeled a motion for reconsideration of the Court's earlier order denying defendants motion for summary adjudication of plaintiff's bad faith claim. See Dkt. # 152 at 12 – 13.

Additionally, plaintiff argues that defendants' motion fails on the merits because it requests relief inconsistent with the Ninth Circuit's opinion, which reversed an earlier order of this Court granting defendants summary adjudication of plaintiff's bad faith claim. Plaintiff further argues that California law allows punitive damages to be awarded if actual damages are nominal.

Plaintiff is correct that defendants' motion is, in substance, a request for a dispositive ruling on plaintiff's bad faith claim, and therefore a request for reconsideration. Local Rule 7-18 sets forth the bases upon which the Court may reconsider the decision on any motion:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 04-4357-CAS(PJWx) | Date | November 2, 2012 |
|---|---|---|---|
| Title | ENODIS CORPORATION V. CONTINENTAL CASUALTY INSURANCE COMPANY, ET AL | | |

A motion for reconsideration of the decision on any motion may be made only on the grounds of: (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision. No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion.

L.R. 7-18. Here, defendants have not satisfied any of these three requirements: there is no showing that new material facts or law are being presented to the Court for the first time, and there is no showing that the Court failed to consider material facts in prior decisions. Therefore, defendants' motion is procedurally improper.

     Nevertheless, the Court will consider the merits of defendants' request. The Ninth Circuit's opinion remanded plaintiff's bad faith claim to this Court for further consideration despite the fact that it found that "Enodis was not entitled to damages in the Trane action because its payment to settle that case was voluntary." Continental Cas. Co. v. Enodis Corp., 417 Fed. Appx. at 671. Accordingly, the Ninth Circuit's opinion contemplates that plaintiff can proceed on its bad faith claim even though these damages are unavailable. Even if the fact that these damages are unavailable means that plaintiff may only be able to recover nominal damages on its bad faith claim, California law allows an award of punitive damages when only nominal damages are awarded. Cal. Civ. Code § 3360 ("When a breach of duty has caused no appreciable detriment to the party affected, he may yet recover nominal damages."); James v. Public Finance Corp., 47 Cal.App.3d 995, 1000 (Cal. App. 1st 1975) (punitive damages can be awarded when compensatory damages are merely nominal). Therefore, as the Court stated in its April 16, 2012 order, plaintiff can pursue punitive damages on its bad faith claim at trial, so defendants' motion is denied.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 04-4357-CAS(PJWx) | Date | November 2, 2012 |
|---|---|---|---|
| Title | ENODIS CORPORATION V. CONTINENTAL CASUALTY INSURANCE COMPANY, ET AL | | |

### III. CONCLUSION

In accordance with the foregoing, defendants' motion in limine is DENIED.

IT IS SO ORDERED.

|  |  | 00 | : | 00 |
|---|---|---|---|---|
|  | Initials of Preparer | | CMJ | |