UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 04-4357 CAS (PJWx) | Date | June 10, 2013 |
|---|---|---|---|
| Title | ENODIS CORPORATION V. CONTINENTAL CASUALTY COMPANY, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:      Attorneys Present for Defendants

Not Present                                         Not Present

**Proceedings:**   (IN CHAMBERS): MOTION IN LIMINE #4 TO PRECLUDE EVIDENCE RE: VOLUNTARY PAYMENTS (Docket #189, filed December 27, 2012)

MOTION IN LIMINE #3 TO EXCLUDE EVIDENCE THAT ENODIS PAID ANY SUM TO SETTLE STEFANYSHN ALTER EGO CLAIMS (Docket #184, filed December 10, 2012)

MOTION FOR RECONSIDERATION OF DEFENDANTS' MOTION IN LIMINE #1 (Docket #190, filed December 27, 2012)

## I.   INTRODUCTION AND BACKGROUND

This action arises out of a longstanding insurance coverage dispute between plaintiff Enodis Corporation ("Enodis"), formerly known as Welbilt Corporation, and defendants Continental Casualty Company and Transportation Insurance Company (collectively, "CNA"). The events underlying this case begin with Consolidated Industries Corp. ("Consolidated"), a furnace manufacturer that was formerly a subsidiary of Welbilt Corporation. Beginning in the 1990s, Consolidated was the target of civil lawsuits and state and federal investigations regarding defects purportedly present in its furnaces. Facing substantial liability, Consolidated filed for bankruptcy protection on May 28, 1998.

Several claimants participated in Consolidated's bankruptcy, many of whom were also potentially pursuing alter ego claims against Enodis and Welbilt. To resolve these claims, Enodis, alongside other participants in Consolidated's bankruptcy, proposed that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 04-4357 CAS (PJWx) | Date | June 10, 2013 |
|---|---|---|---|
| Title | ENODIS CORPORATION V. CONTINENTAL CASUALTY COMPANY, ET AL. | | |

a channeling injunction should issue.  The proposed channeling injunction would have released Enodis from liability for claims arising out of Consolidated's furnaces, and channeled claims against Enodis into a settlement fund created through contributions from Enodis and others.  CNA, however, who was participating in Consolidated's bankruptcy as an insurer of Enodis and others, did not support the proposed channeling injunction, and a channeling injunction never issued.  According to Enodis, the channeling injunction could not succeed without financial contributions from CNA, and plaintiff therefore takes the view that CNA's refusal prevented the channeling injunction from being issued.

After it became clear that a channeling injunction would not issue during the early phases of Consolidated's bankruptcy, several lawsuits were filed against Consolidated and several that had already been filed remained pending.  Enodis purportedly incurred attorney's fees related to these lawsuits.  In connection with one of these lawsuits – the Trane matter – Enodis was sued as the alter ego of Consolidated, and made a $600,000 payment to settle the case.  Additionally, Enodis believed that it faced potential alter ego liability arising out of the other lawsuits, including the Stefanshyn matter, a class action.  See Second Amended Complaint ¶¶ 28, 37; see also Enodis Corporation v. Employers Insurance, et al., Case No. 03-cv-00866-CAS-PJW, Def. MSJ, Dkt. #518, Ex. BB.

Enodis filed the instant action on June 17, 2004, and filed its second amended complaint ("SAC") on April 20, 2005.  The SAC seeks several categories of damages arising out of CNA's allegedly improper settlement conduct in Consolidated's bankruptcy, including claims for attorney's fees Enodis incurred relating to suits that could have been resolved by the channeling injunction.  More generally, Enodis sought indemnity for any money – including liability, attorney fees, and other costs – it was required to pay in connection with lawsuits that could have been resolved by the channeling injunction.

In orders dated August 21, 2006 and September 27, 2006, the Court granted CNA summary judgment with respect to many of Enodis' claims.  Following the entry of these orders, the parties disputed whether any claims remained against CNA.  CNA took the position that all claims against it had been resolved.  Enodis, in contrast, stated that its claims for attorney's fees remained, as well as its claims for indemnity arising out of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 04-4357 CAS (PJWx) | Date | June 10, 2013 |
|---|---|---|---|
| Title | ENODIS CORPORATION V. CONTINENTAL CASUALTY COMPANY, ET AL. | | |

payments it made in the Trane matter and future payments it potentially faced related to the Stefanshyn matter.

In an order dated June 18, 2007, the Court granted CNA summary judgment with respect to Enodis' claims for attorney's fees in the Shea, Shappel, and Stefanshyn matters, but denied summary judgment with respect its claims for attorney's fees arising out of the KB Homes, Pearce, and Trane matters.  More pertinently, the Court also granted summary judgment with respect to Enodis' claims for indemnity related to the Trane action, and Enodis' claims for future indemnity in the Stefanyshyn action.  Regarding the Trane action, the Court found that summary judgment was warranted because Enodis settled the Trane action without obtaining CNA's consent, in violation of a "no voluntary payments" clause.  Enodis Corporation v. Employers Insurance, et al., Case No. 03-cv-00866-CAS-PJW, Dkt. #544, at 15 – 19.  Regarding the Stefanshyn action, the Court found that CNA had no duty to indemnify Enodis until Enodis was a named defendant in that action.  Id. at 14.

Following the Court's order, litigation continued in the Stefanshyn matter.  In July 2007, Daniel Freeland ("Freeland"), Consolidated's trustee in bankruptcy, reached a settlement with the Stefanshyn class.  Pursuant to the terms of that settlement, the Stefanshyn class assigned their alter ego claims against Enodis to Freeland.

Additionally, in February 2009, Freeland entered into a $69.5 million settlement with Enodis (the "Freeland Settlement").  According to Enodis, the Freeland Settlement encompassed claims asserted by Freeland in a proceeding referred to by the parties as the Indiana Avoidance Action, and also encompassed the alter ego claims that were assigned to Freeland by the Stefanyshyn class.  Enodis claims that a $60 million portion of the payment was made to settle the claims asserted in the Indiana Avoidance Action, and that a $9.5 million portion of the payment was made to settle the Stefanshyn alter ego claims.  Prior to this settlement, Enodis had not obtained or even sought CNA's consent to the settlement payment.

In the meantime, Enodis had appealed the Court's June 18, 2007 summary judgment order, and on March 2, 2011, the Ninth Circuit issued an order affirming in part and reversing in part.  Continental Cas. Co. v. Enodis Corp., 417 Fed. Appx. 668, 672 (9th Cir. 2011).  In particular, the Ninth Circuit ruled that:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 04-4357 CAS (PJWx) | Date | June 10, 2013 |
|---|---|---|---|
| Title | ENODIS CORPORATION V. CONTINENTAL CASUALTY COMPANY, ET AL. | | |

> Without expressing our view on the merits of these allegations, we conclude that Enodis should be permitted to pursue its claims for consequential damages resulting from the method of settling the furnace-related product liability claims, as those claims pertain to attorney's fees, costs, and liability arising out of the KB Home, Amana, Shea, Shappel, and Stefanshyn actions. Based on the record before us, we are unable to conclude that the damages arising from these actions was not proximately caused by CNA's alleged breach of its settlement duty. The district court, however, correctly determined that Enodis was not entitled to damages in the Trane action because its payment to settle that case was voluntary.

Id. at 670 – 671.  The Ninth Circuit then remanded the case to this Court for further proceedings.

Following remand, Enodis claimed that it was entitled to indemnity from CNA for the $9.5 million payment it purportedly made to settle the Stefanshyn alter ego claims asserted by Freeland (the "Stefanshyn claim").  In an order dated April 16, 2012, the Court granted summary judgment in CNA's favor with respect to the Stefanshyn claim, finding that Enodis was barred from asserting any claim arising out of the Freeland settlement.  On June 11, 2012, however, the Court reconsidered its conclusion and denied CNA summary judgment on the Stefanshyn claim.

On December 10, 2012 and December 27, 2012, CNA filed its third and fourth motions in limine.  Both motions are, in substance, motions requesting the Court to reconsider its denial of summary judgment with respect to the Stefanshyn claim.  Also on December 27, 2012, CNA filed a motion for reconsideration of the Court's denial of its first motion in limine.  Enodis filed oppositions on January 7, 2013 and January 14, 2013, and CNA filed a reply on January 14, 2013.

The Court held a hearing on January 28, 2013, and issued a tentative order concluding that CNA should be granted summary judgment with respect to Enodis' Stefanyshyn claim.  Enodis requested additional briefing on this issue, and submitted a supplemental brief on February 19, 2013.  CNA submitted a reply on March 11, 2013. After considering all of the parties' arguments, the Court finds and concludes as follows.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 04-4357 CAS (PJWx) | Date | June 10, 2013 |
|---|---|---|---|
| Title | ENODIS CORPORATION V. CONTINENTAL CASUALTY COMPANY, ET AL. | | |

## II.   DISCUSSION

### A.   Plaintiff's <u>Stefanshyn</u> Claim

As mentioned above, on June 11, 2012, the Court found that there were triable issues of fact as to the <u>Stefanyshyn</u> claim, and CNA's third and fourth motions in limine seek reconsideration of this order.[1] The Court first determines whether CNA has satisfied the procedural requirement of a motion for reconsideration, and next considers the substantive merits of CNA's asserted grounds for reconsideration.

   1.   Whether the Request for Reconsideration is Proper

A request for reconsideration must satisfy Local Rule 7-18, which provides:

> A motion for reconsideration of the decision on any motion may be made only on the grounds of: (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision. No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion.

L.R. 7-18. CNA argues that this rule is satisfied because the Court's June 11, 2012 order failed to consider the argument, presented in its fourth motion in limine, that summary judgment should be entered in its favor because Enodis' alleged $9.5 million payment to

---

[1] CNA's third motion in limine asks the Court to exclude "any evidence related to [plaintiff's] claim for $9.5 million in purported consequential damages for settlement of the assigned Stefanyshyn alter ego claims," and their fourth motion in limine asks the Court to exclude "any and all evidence related to [Enodis'] payment of indemnity related to the Stefanyshyn alter ego claim." MIL #3 at 10; MIL #4 at 9.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 04-4357 CAS (PJWx) | Date | June 10, 2013 |
|---|---|---|---|
| Title | ENODIS CORPORATION V. CONTINENTAL CASUALTY COMPANY, ET AL. | | |

settle the Stefanyshyn action ("plaintiff's Stefanyshyn payment") was voluntary.[2] CNA contends that while the Court summarized this argument in its June 11, 2012 and April 16, 2012 orders, it did not consider the merits of the argument. The Court agrees.

In the Court's April 16, 2012 order, the Court took note of CNA's argument that summary judgment should be entered in its favor regarding Enodis' Stefanyshyn claim because Enodis' Stefanyshyn payment was voluntary. Dkt. #152 at 10. The Court had no need to evaluate the merits of that argument, however, because it found alternative grounds for granting summary judgment in CNA's favor. Specifically, the Court found that Enodis could not recover damages for any payments it made in the Freeland Settlement. The order reasoned that Enodis could not recover any payment made in the Freeland Settlement because all such payments were made in connection with Enodis' settlement of the Indiana Avoidance Action, and under the Ninth Circuit's remand order, Enodis is precluded from seeking relief for payments made to settle the Indiana Avoidance Action.

On June 11, 2012, the Court reconsidered its April 16, 2012 order. The Court found that there were triable issues of fact regarding whether the entire $69.5 million Freeland Settlement was paid to settle the Indiana Avoidance Action, or whether a $9.5 million part of the Freeland Settlement was paid to settle the Stefanyshyn alter ego claims. Again, the Court noted CNA's argument that the Stefanyshyn settlement payments were voluntary. Dkt. #162 at 5 – 6 n. 2. The Court did not explicitly rule on

---

[2] CNA's third motion in limine asks the Court to find, for the first time, that summary judgment should be entered against Enodis regarding its Stefanyshyn claim because, as a matter of law, only Freeland (as Consolidated's bankruptcy trustee) had standing to bring alter ego claims against Enodis. CNA provides no reason for failing to raise this argument in connection with its most recent motion for summary judgment, and hence it is an improper request for reconsideration. In any event, the argument lacks merit. Although CNA asserts that orders issued in connection with Consolidated's bankruptcy find that Freeland had the sole right to bring alter ego claims against Enodis, the Court finds no order articulating this conclusion. The orders cited by CNA consider whether Freeland had standing to bring alter ego claims against Enodis, not whether Freeland was the *only* party who could bring these claims.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 04-4357 CAS (PJWx) | Date | June 10, 2013 |
|---|---|---|---|
| Title | ENODIS CORPORATION V. CONTINENTAL CASUALTY COMPANY, ET AL. | | |

the merits of this argument, however, because it found that, pursuant to the Ninth Circuit's remand order, Enodis should be permitted to proceed to trial to pursue whatever portion of the Freeland Settlement was paid to settle the Stefanyshyn alter ego claims. Id. ("[P]laintiff shall be 'permitted to pursue consequential damages resulting from the method of settling the furnace-related product liability claims, as those claims pertain to attorney's fees, costs, and liability arising out of the Stefanshyn action") (quoting Continental Cas. Co. v. Enodis Corp., 417 Fed. Appx. 668, 670 – 671 (9th Cir. 2011)).

    The Court therefore has never explicitly considered the voluntary payment argument. Moreover, it would not contravene the Ninth Circuit's order remanding this case to accept the argument. In its order remanding this case, the Ninth Circuit found that Enodis should be allowed to pursue its claim to recover payments made to settle the Stefanyshyn action. Enodis Corp., 417 Fed. Appx at 670 – 671. The Ninth Circuit did not, however, make any ruling regarding CNA's voluntary payment argument. In fact, this argument was not before the Ninth Circuit. After all, the Ninth Circuit's order reviewed the Court's grant of summary judgment against plaintiff in its June 8, 2007 order, and the Court's June 8, 2007 order made no finding regarding any payment made to settle with the Stefanyshyn plaintiffs. Additionally, the Stefanyshyn settlement payment was not made until February 2009, and therefore this payment could not have been before this Court in June 2007, and could not have been before the Ninth Circuit when it was reviewing that order.

    Although the Court has never considered whether Enodis' Stefanyshyn payment was voluntary, the Court accepted a similar argument with respect to Enodis' settlement with the Trane plaintiffs. This ruling was affirmed by the Ninth Circuit, which further suggests that granting CNA summary judgment due to the NVP clause would be consistent with the Ninth Circuit's order. Enodis Corp., 417 Fed. Appx. at 671 ("The district court, however, correctly determined that Enodis was not entitled to damages in the Trane action because its payment to settle that case was voluntary.").

    Accordingly, the Court has not yet considered CNA's argument that the Stefanyshyn payment was voluntary, and the Ninth Circuit's remand order does not foreclose the Court from considering that argument. The Court therefore considers the argument now.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 04-4357 CAS (PJWx) | Date | June 10, 2013 |
|---|---|---|---|
| Title | ENODIS CORPORATION V. CONTINENTAL CASUALTY COMPANY, ET AL. | | |

      2.      Whether the Stefanyshyn Payment was an Improper Voluntary Payment

      CNA's insurance contract with Enodis contains a "no voluntary payments" clause ("NVP clause"). See Decl. of Hellar-Ann Hancock, Ex. B. This clause provides:

> The insured shall not, except at his own cost, voluntarily make any payment, assume any obligation or incur any expense other than for first aid to others at the time of accident.

NVP clauses are common in insurance contracts, and are designed to "invest the insurer with the complete control and direction of the defense or compromise of suits or claims." Croskey, et al, Insurance Litigation 7A 165 – 166 (quoting Gribaldo, Jacobs, Jones & Associates v. Agrippina Versichergunes A., 3 Cal. 3d 434, 449 (Cal. 1970)). These clauses are enforceable, and pursuant to an NVP clause, "an insurer need not reimburse its insured for amounts unilaterally paid to settle a claim without notice to the insurer in violation of a no-voluntary-payment clause." Croskey, et al., Insurance Litigation, 7A 166.

      Although NVP clauses are generally enforceable, they are not enforceable when an insurer "abandons" its insured. Jamestown Builders, Inc. v. General Star Indemnity Co., 77 Cal. App. 4th 341, 347 – 348 (1999). Abandonment takes place when an insurer, after receiving notification of a claim against its insured, denies coverage, turns down the tender of a defense, or ignores its insured for an unreasonable period of time. Isaacson v. California Ins. Guarantee Assn., 44 Cal. 3d 775, 791 (1988) ("[I]f an insurer erroneously denies coverage and/or improperly refuses to defend the insured in violation of its contractual duties, the insured is entitled to make a reasonable settlement of the claim in good faith and may then maintain an action against the insurer to recover the amount of the settlement."); National American Ins. Co. of California v. Certain Underwriters at Lloyd's London, 93 F.3d 529, 540 (9th Cir. 1996) ("Where an insurer does not respond to notice from the insured that it intends to settle with an adversary, the insurer may not then invoke a clause in the policy requiring the insured to obtain approval prior to settling any claims."); Acacia Research Corp. v. Nat'l Union Fire Ins. Co. of Pittsburg, PA., 2008 WL 4179206 at *13–14 (finding that insurer's delay of almost three years before denying coverage to insured constituted extraordinary circumstances that rendered the NVP

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 04-4357 CAS (PJWx) | Date | June 10, 2013 |
|---|---|---|---|
| Title | ENODIS CORPORATION V. CONTINENTAL CASUALTY COMPANY, ET AL. | | |

provision to be inapplicable). When abandonment occurs, the insurer is deemed to have committed an antecedent breach of a coverage obligation, which absolves the insured of responsibility to seek consent for settlement payments. Jamestown Builders, Inc., 77 Cal. App. 4th at 348. The doctrine of abandonment only applies, however, when an insured makes a demand or request upon its insurer. Gribaldo, Jacobs, Jones & Associates v. Agrippina Versicherunges A., 3 Cal. 3d 434, 450 (1970).

It is undisputed that Enodis did not obtain CNA's consent to the Stefanyshyn payment. Consequently, unless there are disputed issues of material fact regarding whether CNA abandoned Enodis with respect to the Stefanyshyn matter, summary judgment should be entered in CNA's favor.

Enodis contends that CNA wrongfully abandoned it with respect to the Stefanyshyn matter during the course of this litigation. As mentioned above, the doctrine of abandonment requires a demand or request by the insured and action by the insurer that either ignores or rejects the request, and Enodis argues that both elements are satisfied by events that took place during this litigation. First, with respect to the requirement of a request, Enodis points out that it alleged – beginning at least in 2007 and potentially earlier – that CNA "owed it duties with respect to the Stefanyshyn [a]ction." Ptf. Supp. Opp, Dkt. #206, at 8; see also Enodis Corporation v. Employers Insurance, et al., Case No. 03-cv-00866-CAS-PJW, Def. MSJ, Dkt. #518, Ex. BB. Around that time, the Stefanyshyn action was ongoing, and Enodis took the position that CNA had a duty to indemnify Enodis for any attorney's fees and future liability it faced due to the Stefanyshyn action. Enodis Corporation v. Employers Insurance, et al., Case No. 03-cv-00866-CAS-PJW, Plaintiff's Statement of Genuine Issues, Dkt. #541, at ¶ 31. Enodis concludes that CNA therefore knew of Enodis' theory that CNA owed it indemnity arising out of the Stefanyshyn action.

Enodis argues that CNA's response to this litigation position amounted to a rejection of Enodis' request. CNA asserted its response to Enodis' position in its April 4, 2007 motion for summary judgment. There, CNA asserted that none of Enodis' damages arising from alter ego claims were recoverable, whether those claims were asserted in the Trane action, the Stefanyshyn action, or any other action. Enodis Corporation v. Employers Insurance, et al., Case No. 03-cv-00866-CAS-PJW, Defendant's MSJ, Dkt. #518, at 14 – 16. Specifically, CNA argued that it was not foreseeable that Enodis would

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 04-4357 CAS (PJWx) | Date | June 10, 2013 |
|---|---|---|---|
| Title | ENODIS CORPORATION V. CONTINENTAL CASUALTY COMPANY, ET AL. | | |

be subject to alter ego liability as a result of any alleged breach of duty by CNA during Consolidated's bankruptcy, leading to the conclusion that damages arising due to the alter ego claims against Enodis were not recoverable. Id. at 16 ("[T]he remaining damages claimed by Enodis in this action are simply not recoverable because they are not foreseeable and hence not consequential."). Accordingly, CNA wholly rejected Enodis' position that it owed Enodis a duty to indemnify it for liability arising out of due alter ego claims held by the Stefanyshyn class.[3]

Given the parties' litigation positions at the time of CNA's April 2007 motion for summary judgment, the Court finds that there are genuine issues of fact regarding whether the doctrine of abandonment excuses Enodis from complying with the NVP provision. In connection with the April 2007 summary judgment motion, CNA took the position that it would never provide Enodis with indemnity related to the Stefanyshyn matter. At the very least, there is a genuine issue of fact regarding whether this denial of any obligation arising out of the Stefanyshyn action amounted to an abandonment of Enodis, which would excuse Enodis' failure to seek CNA's consent to the settlement. Pruyn v. Agricultural Ins. Co., 36 Cal. App. 4th 500, 515 (1995) ("Courts have for some time accepted the principle that an insured who is abandoned by its liability insurer is free to make the best settlement possible . . ."). Enodis may pursue the argument that, due to CNA's refusal to indemnify it for liability incurred in the Stefanyshyn action, it would

---

[3] CNA also asserted an alternative defense to liability for future payments made to settle the Stefanyshyn matter. CNA asserted that under the terms of its insurance policy, it did not owe Enodis any obligation arising out of the Stefanyshyn action until a lawsuit had been filed naming Enodis as a defendant. At the time of the motion for summary judgment, however, the parties agreed that Enodis was not a defendant in the Stefanyshyn action. Enodis Corporation v. Employers Insurance, et al., Case No. 03-cv-00866-CAS-PJW, Plaintiff's Statement of Genuine Issues, Dkt. #541, at ¶ 20. CNA therefore concluded that it did not owe Enodis any future indemnity arising out of the Stefanyshyn action. Enodis Corporation v. Employers Insurance, et al., Case No. 03-cv-00866-CAS-PJW, Defendant's MSJ, Dkt. #518, at 19 ("In the absence of a 'suit,' Defendants' had and have no duty to defend or indemnify Welbilt/Enodis for attorneys fees or other damages incurred by Enodis related to [the Stefanyshyn action and related matters]."). The Court accepted this argument in its June 18, 2007 order.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 04-4357 CAS (PJWx) | Date | June 10, 2013 |
|---|---|---|---|
| Title | ENODIS CORPORATION V. CONTINENTAL CASUALTY COMPANY, ET AL. | | |

have been futile to seek their consent in connection with the Stefanyshyn payment in February 2009. Consequently, the Court declines to reconsider its finding that summary judgment should not be granted to CNA with respect to Enodis' Stefanyshyn claim.

### B. Defendants' Motion for Reconsideration

CNA also requests that the Court reconsider its order denying their first motion in limine. This motion requests a determination that Enodis cannot recover punitive damages on its bad faith claim. In short, Enodis' bad faith claim asserts that CNA improperly paid attorneys' fees on behalf of Trane, a non-party, for litigation that Trane initiated against Enodis, and then improperly asked Enodis to reimburse CNA for these attorneys' fee payments.

The Court's order denying CNA's first motion in limine explained that the motion should be denied as an improper request to reconsider the Court's April 16, 2012 order denying defendants' summary judgment. Dkt. #172 at 2 – 3. The Court's April 16, 2012 order explicitly found that Enodis could pursue punitive damages. Dkt. #152 at 12 – 13 ("Enodis is limited to seeking punitive damages in connection with its claim for breach of the implied covenant of good faith and fair dealing;" "Enodis's claim is for breach of the covenant of good faith and fair dealing, which unquestionably permits recovery of punitive damages."). CNA has not set out any reason for the Court to reconsider its prior order finding that the first motion in limine was, in turn, an improper request for reconsideration.

Additionally, CNA's motion for reconsideration presents no authority that warrants reconsideration of the Court's finding that California law allows punitive damages to be awarded based only on an award of nominal damages.[4] For example, in McLaughlin v.

---

[4]CNA argues that California courts have disclaimed reliance on James v. Public Finance Corp., 47 Cal. App. 3d 995 (1975), which the Court cited in its denial of defendants' first motion in limine. In support of this argument, defendants cite Cheung v. Daley, 35 Cal. App. 4th 1673 (1995). Cheung does not call into question the principle set for in James that nominal damages can support an award of punitive damages. In fact, it explicitly embraces this principle. Cheung, 35 Cal. App. 4th at 1677 n. 8. Cheung at

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 04-4357 CAS (PJWx) | Date | June 10, 2013 |
|---|---|---|---|
| Title | ENODIS CORPORATION V. CONTINENTAL CASUALTY COMPANY, ET AL. | | |

National Union Fire Insurance, 23 Cal. App. 4th 1132 (Cal. App. 1st 1994), a case relied upon by CNA, a California appellate court explained that compensatory damages are not essential to awarding punitive damages as long as a tortious act has been committed, explaining that "[t]he rule that exemplary damages cannot be imposed unless the plaintiff has suffered actual damages is based on the principle that the defendant must have committed a tortious act before exemplary damages can be assessed." McLaughlin, 23 Cal. App. 4th at 1163 – 1164.  Here, because the Court has found that there are triable issues of fact regarding Enodis' claim for bad faith, it would be inappropriate to find, as a matter of law, that CNA has committed no tortious acts that potentially warrant assessment of punitive damages.  See Docket #152 at 12 – 13.[5]

### III. CONCLUSION

In accordance with the foregoing, defendants' fourth motion in limine is DENIED, and the Court declines to reconsider its order denying summary judgment on plaintiff's Stefanyshyn claim.  Defendants' third motion in limine is DENIED, and defendants' request to reconsider the Court's ruling on its first motion in limine is DENIED.

IT IS SO ORDERED.

| | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |

---

most stands for the proposition that punitive damages cannot be awarded where a verdict awards "$0 general damages."  Id.

[5] Defendant also argues that any nominal damages award must bear a reasonable relationship to the actual harm suffered by plaintiff.  See BMW of North America, Inc. v. Gore, 517 U.S. 559, 580 (1996); Exon Shipping Co. v. Baker, 554 U.S. 471, 501 (2008).  The Court agrees, but finds that this principle does not imply that punitive damages cannot be awarded when only nominal damages are awarded.